IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2005

## DONALD RAY EADY, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. M-03-220   Carroll L. Ross, Judge**

_____

**No. E2004-02396-CCA-R3-PC - July 29, 2005**

_____

The petitioner was convicted of second degree murder in July of 1998. He appealed his conviction to this Court, and we affirmed his conviction. State v. Donald R. Eady, Jr., E2000-01152-CCA-R3-CD, 2001 WL 1543472 (Tenn. Crim. App., at Knoxville, Dec. 4, 2001), perm. app. denied, (Tenn. May 6, 2002). The petitioner then filed a petition for post-conviction relief. The post-conviction court denied his petition. He appeals to this Court solely on the issue of ineffective assistance of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Richard Elliston, Cleveland, Tennessee, for the appellant, Donald Ray Eady, Jr..

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; Jerry N. Estes, District Attorney General; Shari Tayloe-Young, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

The post-conviction court's recitation of the underlying facts is as follows:

During the late evening hours of October 25, 1997, Tracey Green and Curtis Cronk were returning from a bar in Polk County to their homes in Bradley County. Though Cronk was a married man, he and Green were seeing each other and had gone to the bar with another mutual friend.

They stopped on the side of a road in Bradley County to discuss the future of their relationship. A car driven by one Michael Shelton and in which the [petitioner] was a passenger passed them, stopped, and then backed up, allegedly to see if they needed any assistance.

While Shelton was backing up, he backed into the vehicle containing Green and Cronk. An argument ensued, during which heated words were exchanged by both sides. [Petitioner] pulled a handgun from his back pocket and shot Cronk. Cronk died shortly thereafter as a result of the wounds, and the [petitioner] was charged with homicide.

The petitioner was indicted for one (1) count of second degree murder in November of 1997. He was tried in July of 1998 by a jury and was convicted of the indicted offense. The trial court sentenced the petitioner to twenty-five (25) years as a Range I standard offender. The petitioner appealed his conviction to this Court on a number of grounds. We affirmed his conviction in an opinion filed December 4, 2001, and the Tennessee Supreme Court denied the petitioner's application for permission to appeal on May 6, 2002. State v. Donald R. Eady, Jr., E2000-01152-CCA-R3-CD, 2001 WL 1543472 (Tenn. Crim. App., at Knoxville, Dec. 4, 2001), perm. app. denied, (Tenn. May 6, 2002).

The petitioner then filed a petition for post-conviction relief on February 24, 2003. The post-conviction court held a hearing on this petition on May 21, 2004. The post-conviction court denied the petition on July 16, 2004. The petitioner filed a notice of appeal on August 13, 2004.

## ANALYSIS

The petitioner's sole issue on appeal is whether the post-conviction court erred in denying his petition for post-conviction relief based on the ineffective assistance of counsel. The petitioner argues that his trial counsel was ineffective because he did not subpoena 911 emergency tapes of the incident leading to his arrest and conviction for second degree murder.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins, 911 S.W.2d at 347. This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner argues on appeal that his trial counsel's failure to subpoena the 911 emergency tape was indeed ineffective assistance of counsel. He argues that the 911 tape would have demonstrated that Tracey Green was squatting beside the victim at the time of the arrival of the gold minivan, whose driver placed the 911 call, instead of running from a nearby building. The petitioner believes that he should have been afforded the opportunity to demonstrate a discrepancy of such magnitude.

In the post-conviction court's order denying the petition for post-conviction relief, the court made the following findings:

> This petition in this cause was filed by the petitioner, it seems, more from boredom than from any genuine belief on his part that a cause for Post Conviction Relief really existed. The paucity of proof presented by Petitioner at the hearing in this cause failed to offer even minimal evidence to support many of the claims in his petition.

Petitioner complains about the fact that the 911 Tape was not subpoenaed by his attorney. While his reasons for this complaint were not exactly clear to the court, Petitioner somehow thinks that the tape would have rebutted some of the statements made by Green and would have shown her to be a liar.

None of the statements complained of, however, had anything to do with the actual commission of the crime. Officer David O'Boyle, the first officer on the scene after the commission of the crime, testified that Tracey Green was hysterical upon his arrival. [See p. 76 of trial transcript.] Any discrepancies that may have existed between the testimony of Tracey Green and the contents of the 911 tape could easily have been explained by the excited state of the witness.

It really doesn't matter if the defendant and his companion were still at the scene when the 911 call was made; what does matter is that they fled the scene immediately after the shooting, and proof of that fact was clearly in evidence.

The other matters complained of by Petitioner regarding the testimony of Tracey Green were matters of proof to be resolved by the jury. The Petitioner testified at his trial and offered different testimony from that of Tracey Green on some of the issues. The jury chose to believe her version of the facts, and there was ample evidence to support their decision.

While the Petitioner makes other vague complaints about the testimony of other witnesses, he admits that he can't think of any specific questions that counsel should have asked these witnesses at trial.

Petitioner has not met his burden and has failed to show that trial counsel was in any way ineffective either in the way he tried the case and any and all allegations that trial counsel was ineffective are without merit and provide no grounds on which Post Conviction Relief can be granted.


As stated above, to prove that trial counsel offered ineffective assistance, the petitioner must prove both that his trial counsel's performance was deficient and that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). Having reviewed the evidence presented at the post-conviction hearing, we conclude that the petitioner has not proven that trial counsel's performance was ineffective or prejudicial.

Trial counsel testified at the hearing. He stated that he did not remember the petitioner ever asking him to subpoena the 911 tapes, contrary to the petitioner's contention. We found no proof by the petitioner at the hearing to prove that his trial counsel was ineffective. Even if the petitioner had proven that his trial counsel was ineffective, he is absolutely unable to prove prejudice due to the 911 tape not being introduced into evidence. The post-conviction court stated that it was the petitioner's

contention that Ms. Green's position next to the defendant instead of running from a building would demonstrate that she was being untruthful. We agree with the post-conviction court's finding that Ms. Green's position at the time of the 911 call is irrelevant to the defendant's guilt or innocence. The call was placed after the shooting and by someone who was not a witness to the shooting. The discrepancy in Ms. Green's position at the time of the 911 call is of de minimis importance and would not have affected the verdict. The petitioner has not shown that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

We also note that in the petitioner's direct appeal to this Court, we included the following statement in our recitation of Ms. Green's testimony at trial:

> Green stated that after the men left, she attempted to get the victim into her car, but was unable to do so because she could not pick him up. She then ran to a nearby building, hoping to find a phone, but she could not find anyone at the building. Green stated that she returned to the victim, and when she reached him, a car drove up. She told the driver to call 911 and then attempted to give the victim CPR.

Eady, 2001 WL 1543472 at *3. This testimony directly correlates with what the petitioner claims the 911 tape would have shown had it been introduced into evidence.

The petitioner has not shown that his trial counsel's performance was both deficient and prejudicial. We find no reason to grant the petitioner's petition for post-conviction relief.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

JERRY L. SMITH, JUDGE

-5-